IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELECOMM INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 12-1331-SLR |
| v. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| MULTI-TECH SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT MULTI-TECH SYSTEMS, INC.'S ANSWER

Defendant Multi-Tech Systems, Inc. ("Multi-Tech"), through its undersigned counsel, for its Answer to the Complaint of Plaintiff Telecomm Innovations, LLC ("Telecomm"), states as follows:

### GENERAL DENIAL

Multi-Tech denies each and every allegation, matter, or thing contained in the Complaint except as expressly admitted or answered herein.

### JURY DEMAND

Multi-Tech demands a jury trial on all issues so triable.

### NATURE OF THE ACTION

1. Multi-Tech admits that the Complaint purports to state an action for patent infringement arising under Title 35 of the United States Code.

### THE PARTIES

2. Multi-Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and, therefore, denies the same.

3. Multi-Tech admits that it is a corporation organized and existing under the laws of Minnesota, with its principal executive offices at 2205 Woodale Drive, Mounds View, Minnesota 55112 and that Multi-Tech sells and offers to sell products and services in the United States, but denies the allegation that it has introduced products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. Multi-Tech admits that the Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States under Title 35 of the United States Code, but Multi-Tech denies that Telecomm's claims against Multi-Tech have any factual or legal basis.

5. Multi-Tech admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under Title 35 of the United States Code, but Multi-Tech denies any wrongdoing or infringement.

6. Multi-Tech denies that venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

7. In response to the allegations of paragraph 7, Multi-Tech admits that it conducts business in the State of Delaware. Multi-Tech denies that it has infringed any valid and enforceable claim of the alleged infringements of the Complaint within the District or elsewhere. Multi-Tech denies all remaining allegations of Paragraph 7.

**COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,396,519**

8. Multi-Tech incorporates by reference the answers to paragraphs 1 – 7 above as though fully set forth in their entirety.

9. Multi-Tech admits that what appears to be a copy of Patent No. 5,396,519 ("the '519 Patent") is attached to the Complaint as Exhibit A. Multi-Tech admits that the purported copy of the '519 Patent bears, on its face, the title "Method and Apparatus for Adaptively Providing Precoding and Preemphasis Conditioning to Signal Data for Transfer over a Communication Channel." Multi-Tech admits that the purported copy of the '519 Patent bears, on its face, an issue date of March 7, 1995. Multi-Tech denies that the '519 Patent was duly and legally issued. Multi-Tech is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and therefore denies the same.

10. Multi-Tech denies the allegations set forth in Paragraph 10 of the Complaint.

11. Multi-Tech denies the allegations set forth in Paragraph 11 of the Complaint.

12. Multi-Tech denies the allegations set forth in Paragraph 12 of the Complaint.

13. Multi-Tech denies the allegations set forth in Paragraph 13 of the Complaint.

14. Multi-Tech denies the allegations set forth in Paragraph 14 of the Complaint.

15. Multi-Tech denies the allegations set forth in Paragraph 15 of the Complaint.

**COUNT II – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,600,712**

16. Multi-Tech incorporates by reference the answers to paragraphs 1 – 15 above as though fully set forth in their entirety.

17. Multi-Tech admits that what appears to be a copy of Patent No. 5,600,712 ("the '712 Patent") is attached to the Complaint as Exhibit B. Multi-Tech admits that the purported

copy of the '712 Patent bears, on its face, the title "Enabling Technique for Quickly Establishing High Speed PSTN Connections in Telecommuting Applications." Multi-Tech admits that the purported copy of the '712 Patent bears, on its face, an issue date of February 4, 1997. Multi-Tech denies that the '712 Patent was duly and legally issued. Multi-Tech is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint and therefore denies the same.

   18. Multi-Tech denies the allegations set forth in Paragraph 18 of the Complaint.

   19. Multi-Tech denies the allegations set forth in Paragraph 19 of the Complaint.

   20. Multi-Tech denies the allegations set forth in Paragraph 20 of the Complaint.

   21. Multi-Tech denies the allegations set forth in Paragraph 21 of the Complaint.

   22. Multi-Tech denies the allegations set forth in Paragraph 22 of the Complaint.

   23. Multi-Tech denies the allegations set forth in Paragraph 23 of the Complaint.

## JURY DEMAND

Multi-Tech admits that the Complaint sets forth a demand for a trial by jury.

## PRAYER FOR RELIEF

Multi-Tech denies the allegations contained in the Prayers for Relief and further denies that Telecomm is entitled to any relief whatsoever against Multi-Tech.

## AFFIRMATIVE DEFENSES

Multi-Tech contends and asserts the following affirmative and other defenses in response to the allegations set forth in the Complaint, undertaking the burden of proof on such defenses only to the extent required by law. Multi-Tech reserves the right to assert additional affirmative or other defenses as they become known through further investigation and discovery.

**First Affirmative Defense**

24.     The Complaint fails to state a claim upon with relief can be granted.

**Second Affirmative Defense**

25.     The asserted claims of the '519 Patent and the '712 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Third Affirmative Defense**

26.     Multi-Tech has not infringed and does not infringe, either directly, by inducement, or in any other manner, any valid and enforceable claim of the '519 Patent or the '712 Patent, either literally or under the doctrine of equivalents.

**Fourth Affirmative Defense**

27.     No claim of the '519 Patent or the '712 Patent can be validly construed to cover any Multi-Tech act, product, process, method, or system.

**Fifth Affirmative Defense**

28.     Telecomm's claims of infringement against Multi-Tech regarding the '519 Patent and the '712 Patent are barred and the patents are unenforceable against Multi-Tech due to the doctrines of patent exhaustion, laches, waiver, estoppel, and/or acquiescence.

**Sixth Affirmative Defense**

29.     Upon information and belief, Telecomm lacks standing to bring the claims alleged in the Complaint.

**Seventh Affirmative Defense**

30.     Telecomm is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

### Eighth Affirmative Defense

31. Telecomm cannot prove that this is an exceptional case justifying an award of attorneys' fees pursuant to 35 U.S.C. § 285.

### Ninth Affirmative Defense

32. One or more of Telecomm's claims are barred by the doctrine of prosecution history estoppel.

### Tenth Affirmative Defense

33. Telecomm's claims for alleged infringement are barred, in whole or in part, because the allegedly infringing products are supplied, directly or indirectly, to Multi-Tech by an entity or entities having licenses to the '519 patent and the '712 patent.

### Eleventh Affirmative Defense

34. Telecomm's recovery (if any) for alleged infringement of the '519 Patent and the '712 Patent is limited to any alleged infringement committed no more than six years prior to the filing of the Complaint, pursuant to 35 U.S.C. § 286.

### Twelfth Affirmative Defense

35. Multi-Tech has not willfully infringed any valid and enforceable claim of the '519 Patent or the '712 Patent.

### Thirteenth Affirmative Defense

36. This case is exceptional justifying an award of Multi-Tech's attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### Fourteenth Affirmative Defense

37. Multi-Tech provides notice that it intends to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this pleading

and to assert such additional defenses or, if appropriate, delete any of the above-delineated defenses as discovery proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered and counterclaimed, Multi-Tech prays for judgment as follows:

A. That this Court fully and finally dismiss Telecomm's claims against Multi-Tech and order that Telecomm take nothing from Multi-Tech;

B. That this Court find that Multi-Tech does not and has not infringed or induced infringement of any valid and enforceable claim of the '519 Patent and the '712 Patent, recklessly, willfully or otherwise;

C. That this Court find that all asserted claims of the '519 Patent and the '712 Patent are invalid and/or unenforceable;

D. That this Court find that Multi-Tech is the prevailing party and awarding Multi-Tech its costs, attorneys' fees, and expenses in this action under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

F. That this Court grant Multi-Tech such other and further relief as the Court shall deem just and proper.

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com

Dated: February 26, 2013          *Attorneys for Defendant Multi-Tech Systems, Inc.*