IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELECOMM INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1331-SLR |
| | ) | |
| MULTI-TECH SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Multi-Tech Systems, Inc. has served copies of the attached subpoena directed to LSI Corporation.

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Defendant Multi-Tech Systems, Inc.*

Dated: April 3, 2013

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| Telecomm Innovations LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 12-1331-SLR |
| | ) | |
| Multi-Tech Systems Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: LSI Corporation

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See attached Schedule A.

| Place: Alycia R. Kirkevold c/o Parcels, Inc.<br>230 North Market Street<br>Wilmington, DE 19899 | Date and Time:<br><br>April 12, 2013, 5:00 PM EDT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3/28/13

CLERK OF COURT

_____           OR           _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Multi-Tech Systems Inc. , who issues or requests this subpoena, are:

Alycia R. Kirkevold, Multi-Tech Systems, Inc., 2205 Woodale Drive, Mounds View, MN 55112
(763) 717-5986
akirkevold@multitech.com

Case 1:12-cv-01331-SLR Document 15 Filed 04/03/13 Page 3 of 7 PageID #: 132

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 12-1331-SLR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* LSI Corporation
was received by me on *(date)* 3/29/13.

☐ I served the subpoena by delivering a copy to the named person as follows: Paul Matthews LSI Corporation c/o Corporation Service Company @ 9:00 AM on *(date)* 3/29/13 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 3/29/13

_Michael Powers_
Server's signature

Michael Powers
Printed name and title

230 N Market St Wilmington, DE
Server's address

Additional information regarding attempted service, etc:

Case 1:12-cv-01331-SLR Document 15 Filed 04/03/13 Page 4 of 7 PageID #: 133

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DOCUMENT CATEGORIES

1. Executed copies of the July 31, 1996 AT&T Trademark and Patent Agreement by and between AT&T Corp., AT&T Paradyne Corporation, and CAP Acquisition Corp., which is Exhibit FF to the Purchase Agreement dated June 18, 1996 between AT&T Paradyne Corporation, CAP Acquisition Corp., Lucent Technologies, Inc., Paradyne Partners, L.P., Paradyne Acquisition Corp., Rental Acquisition Corp., and Lease Acquisition Corp., including all appendices, schedules, exhibits, and amendments thereto.

2. Executed copies of the July 31, 1996 Intellectual Property Agreement by and among Lucent Technologies Inc., AT&T Paradyne Corporations, and CAP Acquisition Corp., which is Exhibit K to the Purchase Agreement dated June 18, 1996 among Lucent Technologies Inc., AT&T Paradyne Corporation, CAP Acquisition Corp., Paradyne Partners, L.P., Paradyne Acquisition Corp., and Rental Acquisition Corp., including all appendices, schedules, exhibits, and amendments thereto.

3. Executed copies of the July 31, 1996 Noncompetition Agreement by and among Lucent Technologies Inc., Paradyne Partners, L.P., Paradyne Acquisition Corp., AT&T Paradyne Corp., and CAP Acquisition Corp., including all appendices, schedules, exhibits, and amendments thereto.

4. Executed copies of the January 31, 2001 Technology Assignment and Joint Ownership Agreement by and between Lucent Technologies Inc. and Agere Systems Inc., including all appendices, schedules and exhibits thereto, and amendments thereto.

5. Executed copies of the February 1, 2001 Patent and Technology License Agreement by and among Lucent Technologies Inc., Lucent Technologies GRL Corp., Lucent

Technologies Guardian I Corp., Lucent Technologies Optical Networking Guardian Corp., Lucent Technologies Wireless Guardian Corp., Lucent Technologies Fiber Guardian Corp., Agere Systems Inc., Agere Systems Guardian Corp., and Agere Systems Optoelectronics Guardian Corp., including all appendices, schedules, exhibits, and amendments thereto.

6. Executed copies of the February 1, 2001 Separation and Distribution Agreement by and between Lucent Technologies Inc. and Agere Systems Inc., including all appendices, schedules, exhibits, and amendments thereto.

7. Executed copies of any agreement between LSI on the one hand, and any of AT&T Corp., AT&T Paradyne Corp., or CAP Acquisition Corp. on the other hand, including all appendices, schedules, exhibits, and amendments thereto.

8. Executed copies of any agreement between or involving Lucent Technologies, Inc., AT&T Paradyne Corp., or CAP Acquisition Corp., including all appendices, schedules, exhibits, and amendments thereto.

9. Executed copies of any agreement between Lucent Technologies, Inc. and Agere Systems, Inc. intended to effect, transfer, or convey rights in the Patents in Suit, including all appendices, schedules, exhibits, and amendments thereto.

10. Executed copies of any license, sublicense, or covenant not to sue for the Patents in Suit, including all appendices, schedules, exhibits, and amendments thereto.

11. Executed agreements, contracts, or licenses that name, involve, recite, or cover the Patents in Suit, including all appendices, schedules, exhibits, and amendments thereto.

12. All documents produced to any party in connection with *Rembrandt Data Technologies, LP v. AOL, LLC, et al.*, C.A. No. 1:08-cv-1009 GBL/IDD (E.D. Va.).

## DEFINITIONS AND INSTRUCTIONS

1. If any documents or portions thereof are withheld from production on the grounds of attorney-client privilege, work product protection, or any other form of privilege or protection, please provide a log containing the information described in Federal Rule of Civil Procedure 45(d)(2).

2. "LSI" includes LSI Corporation, LSI Logic Corporation, and any predecessors and/or related entities.

3. The "Patents in Suit" include both or either of U.S. Patent Nos. 5,396,519 and/or 5,600,712.