IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELECOMM INNNOVATIONS, LLC,<br><br>    *Plaintiff*<br><br>v.<br><br>ATM SYSTEMS CORPORATION,<br><br>    *Defendant* | Civil Action No. 12-1265-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>    *Plaintiff*<br><br>v.<br><br>CARDTRONICS, INC., et al.,<br><br>    *Defendant* | Civil Action No. 12-1268-SLR |

| | |
|---|---|
| TELECOMM INNNOVATIONS, LLC,<br><br>    *Plaintiff*<br><br>  v.<br><br>SEIKO EPSON CORP., et al.,<br><br>    *Defendant* | Civil Action No. 12-1269-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>    *Plaintiff*<br><br>  v.<br><br>LEXMARK INTERNATIONAL INC.,<br><br>    *Defendant* | Civil Action No. 12-1272-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>    *Plaintiff*<br><br>  v.<br><br>PANASONIC CORP., et al.,<br><br>    *Defendant* | Civil Action No. 12-1275-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>    *Plaintiff*<br><br>  v.<br><br>PAYMENT ALLIANCE<br>INTERNATIONAL, INC.,<br><br>    *Defendant* | Civil Action No. 12-1276-SLR |

| | |
|---|---|
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>RICOH COMPANY, LTD., et al.,<br><br>*Defendant* | Civil Action No. 12-1277-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>TOSHIBA CORP., et al.,<br><br>*Defendant* | Civil Action No. 12-1280-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>DELL INC,<br><br>*Defendant* | Civil Action No. 12-1327-SLR |

{00182747}   3

| | |
|---|---|
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>HIRO, INC.,<br><br>*Defendant* | Civil Action No. 12-1328-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>MULTI-TECH SYSTEMS, INC.,<br><br>*Defendant* | Civil Action No. 12-1331-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>STARTECH.COM, LTD., et al.,<br><br>*Defendant* | Civil Action No. 12-1333-SLR |

| | |
|---|---|
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>TP-LINK TECHNOLOGIES CO., LTD., et al.,<br><br>*Defendant* | Civil Action No. 12-1334-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>TRENDNET, INC.,<br><br>*Defendant* | Civil Action No. 12-1335-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>ZOOM TECHNOLOGIES, INC., et al.,<br><br>*Defendant* | Civil Action No. 12-1337-SLR |

### [PROPOSED] ORDER

At Wilmington this \_\_9th\_\_ day of \_\_May\_\_ 2013 the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **May 3, 2013** the information required by Fed. R. Civ. P. 26(a)(1).

2. **Discovery.**

(a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

(b) Discovery will be needed on the following subjects: infringement, non-infringement, invalidity, validity, claim construction, patent prosecution, ownership, licensing, conception and reduction to practice, prior art, laches, estoppel, unclean hands, standing, inequitable conduct, unenforceability and any other affirmative defenses and counterclaims asserted in the answers to the Complaint concerning U.S. Patent Nos. 5,396,519 and/or 5,600,712.

(c) All fact discovery shall be commenced in time to be completed by **March 21, 2014**.

(1) Each side[1] is permitted **20** common interrogatories. Each party[2] may serve up to **10** individual interrogatories in addition to the common interrogatories. Plaintiff may serve up to **10** individual interrogatories to each party.

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged

---

[1] The "sides" for purposes of this Scheduling Order consists of Plaintiff on one side and the Defendants in the above captioned cases on the other.

[2] Related Defendants (i.e., defendants that are related corporate entities) shall constitute a single party for purposes of these discovery limitations.

by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (3)  Each side is permitted **30** common requests for admission for each side. Each party may serve up to **20** individual requests for admission in addition to the common requests for admission. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility in evidence.

    (4)  Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **December 20, 2013**. This deadline does not alter the normal discovery response deadlines. In the absence of agreement among the parties or by order of the court, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')" (the "Default Standard") shall govern, except as follows:

    (i)  Initial disclosures under Section 3 of the Default Standard shall be completed on or before **May 17, 2013**.

    (ii)  Plaintiff's identification of accused products under Section 4(a) Default Standard shall be completed on or before **May 17, 2013**.

    (iii)  Defendants' production of core technical documents under Section 4(b) of the Default Standard shall be completed on or before **July 19, 2013**.

    (iv)  Plaintiff's initial claim charts for each accused product and asserted claim under Section 4(c) of the Default Standard shall be completed on or before **August 16, 2013**.

      (v)  Defendants' initial invalidity contentions and initial production of invalidating references under Section 4(d) of the Default Standard shall be completed on or before **September 13, 2013**.

      (vi)  E-discovery shall be limited to the initial custodians identified through the D. Del. 16.1(a) meeting.

      (vii)  E-discovery shall be limited to a term of five (5) years before the filing of the complaint, except that discovery with regard to conception, development, reduction to practice, commercialization, licensing and prosecution of the patents-in-suit and prior art, if any, are not so limited.

      (viii)  Discovery of e-mails shall not commence until after sufficient responsive, non-privileged technical documents have been produced to determine whether and to what extent e-mail discovery may be warranted, and the parties have met and conferred in good faith to discuss the scope and procedure of e-mail discovery and whether production of emails is necessary. The parties' conference regarding e-mail production shall occur on or before **August 22, 2013**.

      (ix)  On or before **October 18, 2013**, each party may request discovery of additional custodians or for additional years, for good cause shown.

    (5)  Maximum of 100 hours of fact depositions by each side. Each fact deposition is limited to a maximum of 7 hours, except that depositions of named inventors may be taken for 14 hours (over a consecutive 2 day period) each, unless extended by agreement of parties. The number of hours for depositions of named inventors will not be reduced if an inventor is designated as a 30(b)(6) witness. The aggregate maximum hour limitation of 100 hours does not apply to third party depositions.

    (6) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (7) The court shall conduct an in-person discovery status conference on **June 27, 2013 at 4:30 PM**, during which the parties may discuss the status of Defendants' license defense. Fact discovery on the issues of license and patent exhaustion shall be commenced in time to be completed by **July 11, 2013**.

  (d) Expert discovery shall be commenced in time to be completed by **June 27, 2014**.

    (1) Expert reports on issues for which the parties have the burden of proof due **April 18, 2014**. Rebuttal expert reports due **May 16, 2014**. Supplemental expert reports (for secondary considerations of obviousness) due **May 30, 2014**.

    (2) Expert depositions to be limited to a maximum of 7 hours unless extended by agreement of the parties.

    (3) All Daubert motions shall be filed on or before August 5, 2014. Briefing shall be in accordance with the Local Rules.

  (e) Supplementations under Rule 26(e) are due at the times as provided by the Federal Rules of Civil Procedure, but no later than **14 days prior to the close of fact discovery** as set forth in section 2(c) above.

  (f) **Discovery Disputes.**

    (1) The court shall conduct an in-person discovery status conference on **August 22, 2013 at 2:00 PM**, the time to be allotted equally among the parties. **No motions to compel or for protective order shall be filed absent prior approval of the court.**

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

(g) **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings, except for inequitable conduct, shall be filed on or before **July 26, 2013**. All motions to amend to add claims for inequitable conduct shall be filed on or before **February 21, 2014**.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[3] for the purposes of exploring ADR. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

---

[3] The court may also refer ADR to a Special Master.

5. **Claim Construction Issue Identification**. If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **thirty (30) days before the end of fact discovery**. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

6. **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **March 28, 2014**, with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before **April 11, 2014**. Defendants shall serve and file their answering claim construction brief on or before **May 9, 2014**. Plaintiff shall serve and file its reply brief on or before **May 30, 2014**. Defendants shall serve and file their surreply brief on or before **June 20, 2014**.

7. **Summary Judgment Motions**

    (a) All summary judgment motions shall be served and filed on or before **August 5, 2014**. No summary judgment motion may be filed more than ten (10) days from the above date unless otherwise ordered by the court following the discovery status conference scheduled for June 27, 2013.

    (b) Opening briefs on infringement and invalidity shall be served and filed on or before **August 5, 2014**.

(c) Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before **August 22, 2014**.

(d) Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2.

(e) Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

(f) The hearing on the claim construction and motion(s) for summary judgment will be heard on **October 10, 2014** at **9:30 AM**.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

13

10. **Pretrial Conference**. A pretrial conference will be held on **February 5, 2015** at 3:30 PM in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

11. **Trial**. This matter is scheduled for **six one-week jury trials** commencing on ~~March 16,~~ February 23, 2015 in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

{00182747}                    13