IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELECOMM INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1331-SLR |
| | ) | |
| MULTI-TECH SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER TO PROVIDE PROTECTION TO
THIRD PARTY CONFIDENTIAL INFORMATION**

WHEREAS, Multi-Tech Systems, Inc. has served several third-party document subpoenas;

WHEREAS, at least one third party has indicated that it is willing to produce its documents on an outside counsel only basis and that, as a non-party, it has concerns that Local Rule 26.2 cannot provide adequate protection for its highly confidential business information;

WHEREAS, these third party concerns establish good cause for entry of a protective order;

WHEREAS, to facilitate cooperation by third parties subpoena recipients on an interim basis until the parties have agreed on a comprehensive confidentiality stipulation, the parties stipulate and agree to the following:

1.      Any non-party subpoena recipient may designate any document or testimony as "Confidential" or "Attorneys' Eyes Only."

2.      Non-party documents or testimony designated as "Attorneys' Eyes Only" under this Order shall be disclosed only to:

(a) Outside legal counsel who have appeared in this litigation for Plaintiff or Defendant, including outside counsel from the same law firms as outside counsel of record, and necessary paralegals, secretaries, and clerical personnel employed by those law firms who are assisting such counsel.

(b) Each person or service contracting firm retained by Plaintiff or Defendant for the purpose of photocopying, scanning, translating, litigation database management, and/or operation, or other clerical functions.

(c) The Court, Court personnel, and, to the extent that protected information is disclosed at a deposition or court session which such reporter is transcribing, Official Court Reporters.

Notwithstanding the foregoing, non-party documents or testimony designated as "Attorneys' Eyes Only" under this Order shall be not be disclosed to any current or past officer, director, or employee of Plaintiff or Defendant, even is said person otherwise may be given access to such information under this Order.

3. If a party having received documents or testimony designated as "Attorneys' Eyes Only" under this Order is served with a subpoena, demand, or request for production of such documents or testimony from a court, administrative, legislative or other governmental body, or from other persons purporting to have authority to subpoena, demand, or request such information, the recipient shall give immediate written notice of the subpoena, demand, or request (including delivery of a copy of the same) to the attorneys for the producing or disclosing party.

4. Within sixty (60) days after final conclusion of all aspects of this litigation, either by the entry of a final, non-appealable judgment or order, the complete settlement of all claims asserted against all parties in this Action, or by other means, each party shall destroy all non-party documents and testimony that have been designated "Attorneys' Eyes Only." Notwithstanding the foregoing, counsel of record described in paragraph 2(a) of this Order may retain a copy of all notes, memoranda, and other work product materials, correspondence, pleadings and motion papers including all supporting or opposing papers and exhibits thereto), discovery requests and responses, deposition and trial transcripts, exhibits offered into evidence at trial, and expert reports incorporating such materials.

5. This Court shall retain jurisdiction regarding all future disputes relating to this Order.

IT IS SO ORDERED THIS _____ DAY OF JUNE, 2013.

_____<br>
United States District Judge